Brian J. LOCKHEAD, Plaintiff–
Appellant,

v.

Debra WEINSTEIN, individually and as
executive director of Young Women's
Christian Association; Young Wom-
en's Christian Association, a Montana
nonprofit corporation, Defendants–
Appellees.

No. 00–35438.

D.C. No. CV–98–00174–DWM.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 7, 2001.*

Decided Dec. 20, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before REAVLEY,** B. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM ***

Plaintiff-appellant Brian Lockhead (Lockhead) appeals summary judgment against him on his 42 U.S.C. § 1983 claim against defendants Debra Weinstein and the Young Women's Christian Association (YWCA). After being acquitted of the charges of assault and intimidation stemming from Weinstein's complaint against him, Lockhead sued Weinstein, a YWCA employee. Lockhead argued that Weinstein worked in concert with state authorities to falsely arrest and prosecute him, and therefore that she and the YWCA acted under "color of state law" to violate his federal rights and were liable under § 1983. The district court concluded that Lockhead did not introduce a genuine issue of material fact as to whether Weinstein and the YWCA acted under color of state law.

We review the district court's grant of summary judgment *de novo*. *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1108 (9th Cir.2000). We will affirm the decision to grant summary judgment when, reviewing the record as a whole and drawing all reasonable inferences in favor of the nonmoving party, we find no genuine issue of material fact. *Id.*

 Lockhead asserts that Weinstein is lying when she claims that he assaulted her. His testimony alone is sufficient to create a fact question as to this issue. But the fact that she might have been lying does not mean that she acted under color

of law under § 1983. A plaintiff trying to show that a private party acted under color of state law must show that the defendants "conspired or acted jointly with state actors." *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 783 (9th Cir.2001) (citing *United Steelworkers v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540 (9th Cir.1989)). The plaintiffs must therefore provide evidence of "an agreement or meeting of the minds to violate constitutional rights." *Id.* (quoting *Phelps·Dodge*, 865 F.2d at 1540–41). But the mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under § 1983. *See Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir.1983); *Butler v. Goldblatt Bros., Inc.*, 589 F.2d 323, 327 (7th Cir.1978). As we noted in *Radcliffe*, "a relationship of cause and effect between the complaint and the prosecution is not sufficient, or every citizen who complained to a prosecutor would find himself in a conspiracy." *Radcliffe*, 254 F.3d at 783.

 Lockhead argues that the officers who arrested him, and the prosecutors who decided to try him, acted against him at Weinstein's urging despite the fact that there was no probable cause to do so. He asserts that Weinstein, who was the Executive Director of the YWCA, had connections with the local law-enforcement community, and that she used these contacts to conspire with them to falsely arrest and prosecute him. Lockhead points to the following facts as evidence of a conspiracy: 1) Weinstein knew Assistant City Attorney Judy Wang before the incident; 2) Weinstein contacted Wang at home on a weekend; 3) Wang decided the case was a felony and referred it to Townsend; 4) the

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

audio portion of the video tape of the incident, according to Lockhead, reveals that the entire incident lasted only eight seconds, which was not enough time for Lockhead to have acted as Weinstein alleged; 5) Weinstein was familiar with the local law-enforcement community, if not the actors in this case other than Judy Wang; and 6) when Weinstein phoned 911 after the incident, she identified herself as the Executive Director of the YWCA.

None of these facts, however, goes to show that Weinstein "conspired" with the law-enforcement officials involved. *See Radcliffe*, 254 F.3d at 783. Lockhead was arrested after Weinstein's statement to the police and before Weinstein called Wang. Thus his arrest can hardly be attributed to Weinstein's control over Wang. Moreover, the investigating officer's incident report gives the bases for Lockhead's arrest: Weinstein's statement, the statements of two eye-witnesses, and the injuries to Weinstein. There is simply no evidence that Lockhead was arrested because of Weinstein's relationship with the police.

Similarly, there is no evidence that Lockhead was prosecuted because of Weinstein's special relationship with law-enforcement officials. Although Lockhead did know Wang before the incident occurred, she did not know County Attorney Karen Townsend, who made the decision to prosecute Lockhead. There is no evidence that Townsend decided to prosecute Lockhead because of Wang's recommendation instead of an independent assessment of the evidence. Wang was not herself a friend of Townsend. Indeed the evidence—Weinstein's statement, the statements of two eye-witnesses, and the injuries to Weinstein—is sufficient to give Townsend reason to prosecute Lockhead. There is no evidence that Townsend treated Weinstein differently than any other complainant or witness.

We accordingly agree with the district court that Lockhead has raised no genuine issue of material fact as to whether Weinstein acted under color of state law. Because Lockhead's claim against the YWCA is wholly derivative of his claim against Weinstein, he has also not raised a fact issue in his claim against the YWCA.

Affirmed.